IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-338-BR

| | |
|---|---|
| ANDREW TABOR and MATTHEW TABOR, ) | |
| on behalf of themselves and on behalf of all ) | |
| others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| PETER B. FOX, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the parties' joint motion to file and retain under seal their settlement agreement.

In 2009, plaintiffs Andrew Tabor and Matthew Tabor initiated this action asserting a collective action claim for back wages and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and a class action claim for unpaid wages and liquidated damages under North Carolina's Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.22. Defendants filed motions to dismiss (which remain pending). In January 2010, the parties filed the instant motion along with a motion to approve the settlement agreement and dismiss the action with prejudice.[1] The court has not certified any collective action under § 216(b) or any class under Fed. R. Civ. P. 23.

A motion to seal must be analyzed in accordance with the mandatory procedure outlined in Stone v. University of Maryland, 855 F.2d 178 (4th Cir. 1988). The instant motion was

---

[1] In absence of Department of Labor ("DOL") supervision, the court must approve settlement of a claim asserted under the FLSA. See Taylor v. Progress Energy, Inc., 415 F.3d 364, 374 (4th Cir. 2005) ("Again, the Supreme Court has consistently held that the rights guaranteed by the FLSA cannot be waived by private agreement between the employer and employee. Claims for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a court." (citations omitted)), reh'g granted, vacated, op. reinstated, 493 F.3d 454 (4th Cir. 2007); Lynn's Food Stores, Inc., 679 F.2d 1350, 1353, 1355 (11th Cir. 1982) (holding compromises of FLSA back wage or liquidated damages claims are allowed only under DOL supervision or district court entry of a stipulated judgment after the court has scrutinized the settlement for fairness and reasonableness).

docketed in the record on 26 January 2010, and no objection to sealing has been filed.  Pursuant to Stone, the court must determine the source of the public's right to access to the settlement agreement.  See 855 F.2d at 180.  Both the common law and the First Amendment protect access to judicial records.

> The common law presumes a right to inspect and copy judicial records and documents.  The common law presumption of access may be overcome if competing interests outweigh the interest in access . . . .  Where the First Amendment guarantees access, on the other hand, access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.

Id. (citations omitted).  Also, the common law protects access to all judicial records, whereas the First Amendment right only extends to particular documents.  Id.

While the court has not located any authority to support the proposition that access to a settlement agreement filed with the court is grounded in the First Amendment, cf. Boone v. City of Suffolk, VA., 79 F. Supp. 2d 603, 606-08 (E.D. Va. 1999) (finding First Amendment right to access not triggered in court's approval for fairness of FLSA settlement agreement), the court need not reach the issue as there is no doubt that the common law presumption of access applies.  A settlement agreement in the court's files and requiring court approval is a judicial record.  A settlement agreement filed and submitted for court approval is a judicial record, and thus the presumption of access arises.  Jessup v. Luther, 277 F.3d 926, 929-30 (7th Cir. 2002); S.E.C. v. Van Waeyenberghe, 990 F.2d 845, 848 (5th Cir. 1993); Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003); Boone, 79 F. Supp. 2d at 609.  As such, the court must undertake a balancing test, and

> [t]he Supreme Court has suggested that the factors to be weighed in the balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and

>     whether the public has already had access to the information
>     contained in the records.

In re The Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984) (citing Nixon v. Warner Communications, Inc. 435 U.S. 589, 597-608 (1978)).

Here, there is a strong public interest in the settlement agreement not being under seal. First, the public has an interest in knowing the contents of materials upon which a court makes a decision, including a determination of whether to approve a settlement. Jessup, 277 F.3d at 928, 929; Boone, 79 F. Supp. 2d at 609. Second, based on the "'private-public character'" of employee rights under the FLSA, the public has an "independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" Stalnaker, 293 F. Supp. 2d at 1264 (quoting Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 706, 709 (1945)).

On the other hand, the court recognizes that "unsealing the terms of the settlement agreement may chill the efforts of future litigants to settle," Boone, 79 F. Supp. 2d at 609, and that the parties have an interest in maintaining the privacy of the terms of settlement. However, these interests in confidentiality do not outweigh the interests favoring access to the settlement agreement. See Stalnaker, 293 F. Supp. 2d at 1264 (recognizing strong presumption of access to FLSA wage-settlement agreement is not overcome by "[a] business's general interest in keeping its legal proceedings private").

Accordingly, the motion to seal is DENIED. The motion to approve the settlement agreement is HELD IN ABEYANCE. Within 10 days of the date this order is filed, either party may file a notice requesting that the Clerk strike the settlement agreement from the record. If any party does so, the Clerk is DIRECTED to strike the settlement agreement from the record and terminate the motion to approve the agreement as moot. If no such notice is timely filed,

then the settlement agreement will be filed unsealed and the court will subsequently undertake consideration of the motion to approve that agreement. In such event, because the amended complaint contains class allegations, and although the court has not certified a class, the court "must determine what 'claims are being compromised' between the plaintiff and defendant and whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." Shelton v. Pargo, 582 F.2d 1298, 1314 (4th Cir. 1978). The parties are therefore DIRECTED to file within 20 days of the date this order is filed an appropriate memorandum and/or affidavit(s) setting forth facts sufficient to enable the court to discharge its obligations under Shelton. In this same filing(s), to the extent they have not already done so, the parties may also address those factors the court will examine to determine whether the settlement is fair and reasonable under the FLSA. See Poulin v. General Dynamics Shared Resources, Inc., No. 3:09-cv-00058, 2010 WL 1813497, *1 (W.D. Va. May 5, 2010) (identifying factors).

      This 17 June 2010.

                                        W. Earl Britt
                                        Senior U.S. District Judge